UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| REGINALD PRATHER, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00264-MG-JPH |
| | ) | |
| VANHIL, | ) | |
| | ) | |
| *Respondent*. | ) | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT

Petitioner Reginald Prather was convicted in a prison disciplinary proceeding for the offense of "Violation of Law" due to the discovery of fentanyl from an alleged drug conspiracy between him, fellow inmates, and at least one inmate's non-incarcerated girlfriend. On administrative appeal, Mr. Prather's charge was modified to only Trafficking. Mr. Prather's role in the alleged conspiracy led to a formal criminal charge in Indiana state court. In state court, additional drug testing revealed that the substance was not actually fentanyl but instead was melatonin, and Mr. Prather's criminal case was dismissed. Mr. Prather has filed a Petition for a Writ of Habeas Corpus, [Filing No. 1], attempting to vacate his disciplinary conviction because his state case was dismissed.

## I.
### LEGAL BACKGROUND

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence

1

justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
### FACTUAL BACKGROUND

On May 5, 2022, Officer B.C. Eloiza charged Mr. Prather with violation of Code A-100, Violation of Law, for conspiracy to deal narcotics in violation of Ind. Code 35-48-4-1. [Filing No. 13-1.] The Conduct Report reads as follows, largely mirroring its underlying confidential Investigation Report:

> On 3/3/2022, I, B.C. Eloiza did communicate with Evansville Police Department regarding an ongoing investigation related [to] the dealing and distribution of narcotics. Based on the facts surrounding the investigation Evansville Police Department did successfully interdict fent[anyl] believed to be meant to be trafficked into the Branchville Correctional Facility. Conversations made by Offender Prather, Reginald #203013 leading up to the interdiction as well as calls made after the interdiction did confirm this offender's involvement. On 3/3/2022 at 1036hrs Offender Prather placed a three way call to a female discussing a plan to exchange contraband. The female caller indicated that she received a text with an address in Evansville, [] where she was to drop off the contraband.

[Filing No. 13-1 at 1.]

Mr. Prather received notice that he would be subjected to a disciplinary hearing and pleaded not guilty. [Filing No. 13-4 at 1.] At the hearing, Mr. Prather argued that the Hearing Officer should review the phone call "to see that [he] did not state anything about narcotic[s] [sold] to that woman on that phone call." [Filing No. 1-1 at 5.] Nonetheless, based on the Confidential Report of Investigation underlying Officer Eloiza's investigation, on May 17, 2022, Mr. Prather was found guilty. [Filing No. 1-1 at 5.] He was sanctioned with 180 days of lost credit time and a one-step demotion in credit-earning class, as well as other non-custodial sanctions not relevant to this case. [Filing No. 1-1 at 5.] Mr. Prather appealed internally and was denied. [Filing No. 13-8 (disciplinary hearing appeal).] At the level of the final reviewing authority, Mr. Prather's appeal

2

was again denied, but his offense was modified. [Filing No. 13-9 at 1.] Instead of A100 Violation of Law, his offense was modified to A111/113 Conspiracy/Attempting/Aiding or Abetting Trafficking. [Filing No. 13-9 at 1.]

Not long after Mr. Prather's disciplinary hearing, on July 22, 2022, a criminal case was opened against Mr. Prather for dealing narcotics. *State of Indiana v. Prather*, No. 82D03-2207-F2-004155 (Vanderburgh Super. Ct. July 22, 2022). A separate criminal case was opened against an alleged co-conspirator, Mr. Alan Ocampo. *State of Indiana v. Ocampo*, No. 82D03-2207-F2-4152 (Vanderburgh Super. Ct, July 22, 2022). In Mr. Ocampo's case, the suspected fentanyl was retested, only to discover that "lab results indicate[d] no controlled substance [was] detected in the suspected fentanyl." [Filing No. 13 at 6 (Respondent's account).] According to Mr. Prather, the suspected fentanyl was actually revealed to be melatonin, which Mr. Ocampo's girlfriend took for a medical condition. [Filing No. 16 at 2.] Both Mr. Ocampo's and Mr. Prather's cases were dismissed. *Prather*, No. 82D03-2207-F2-004155 (April 17, 2023); *Ocampo*, No. 82D03-2207-F2-4152 (April 14, 2023).

Because Mr. Prather's state court case was dismissed, he has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking to invalidate his disciplinary conviction.[1]

### III.
### DISCUSSION

Mr. Prather argues there was insufficient evidence to convict him in his disciplinary proceeding, stating that:

---

[1] Mr. Ocampo, who was also disciplined for the alleged drug-trafficking incident, has filed a Petition in this Court arguing that the dismissal of his case means that his disciplinary conviction should be vacated. *Ocampo v. Vanihel*, No. 2:23-cv-00241-MKK-JPH.

> [t]he evidence for the A-100 (violation of law) was based off of assumption and speculation, which led to 7 people being charged with Level 2 Conspiracy to Deal in a Narcotic Drug. All 7 Defendants' charges [were] dismissed on April 13, 2023, due to falsified evidence between the prison I.C. officer and the Detective in Vanderburgh County, IN. The police officers lied about it being drugs, in which the incident that started this whole investigation didn't have anything to do with drugs, [or] traffic[k]ing anything in prison. So if I never violated any local, state, or federal laws, myself and the other 3 defendants should have never rec[ei]ved and been found guilty of A-100 Violation of Law.

[Filing No. 1 at 2.] Mr. Prather's argument necessarily implies that because his state case was dismissed, his conspiracy disciplinary case should be vacated.

The Respondent argues that the evidence against Mr. Prather was sufficient. [Filing No. 13 at 8.] The Respondent states that "the conduct report alone suffices as some evidence of guilt," and so too does the confidential investigation. [Filing No. 13 at 9; Filing No. 13 at 13.] The Respondent points out that Mr. Prather does not challenge other suspicious aspects of the phone calls and relies solely on the dismissal of criminal charges against him. [Filing No. 13 at 10-11.] The Respondent argues that "Indiana law does not require that the conspiracy charge be based on actual possession of actual narcotics"; rather, the crime is making an agreement to "put[] the wheels in motion." [Filing No. 13 at 11.] The Respondent adds that there are other explanations for why the substance was not fentanyl, including that the trafficking was a "dry run," or that the supplier "failed to deliver the agreed product." [Filing No. 13 at 12-13.] Regardless, the Respondent argues, "[Mr.] Prather had an agreement to (and was actively trying to) ferry drugs into the prison to sell." [Filing No. 13 at 13.]

Mr. Prather replies that he "does not dispute that he sounds different on the slang and lingo . . . which he uses when speaking" and that "[w]hat [he] has disputed from the beginning to the end is that at no times during said calls had [he spoken] of narcotic[s], drugs, dealing of such, transporting, and . . . speaking on the offender phone of ways to traffic drugs" into the prison. [Filing No. 16 at 16.] He notes that the substance was actually melatonin, which his alleged co-

4

conspirator's girlfriend takes over-the-counter to help with her medical condition. [Filing No. 16 at 2.]²

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board."). A Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

In this case, Mr. Prather presents new evidence that post-dates his disciplinary proceeding – namely – that his narcotics charge was dismissed in Indiana state court. The barrier to Mr. Prather's argument is that a dismissal is not an acquittal, and even if it were, it would mean only that he could not be convicted beyond a reasonable doubt, a standard far higher than the "some evidence" standard that applies to Mr. Prather's disciplinary proceeding. Even if the dismissal of his charge is considered exculpatory evidence, the Court "look[s] only to whether [the petitioner]

---

² In a reply and an unauthorized "Addendum" to his reply, Mr. Prather made additional arguments that were not raised in his opening Petition, so those arguments are waived. [Filing No. 23 (unauthorized Addendum).] *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) (stating that "arguments raised for the first time in [a] reply brief are waived"). And although the Respondent preemptively argued Mr. Prather had constitutionally adequate notice when his charge was changed on administrative appeal, [Filing No. 13 at 14], Mr. Prather did not make this argument in his petition, so that is also waived. In any event, Mr. Prather had constitutionally adequate notice. *Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003) (affirming denial of habeas relief where Violation of Law charge was modified to trafficking charge).

received procedural protections due under the Constitution" at the time of the disciplinary hearing, "and so long as he did, subsequent tender of additional evidence is irrelevant to [the Court's] due process determination." *Jones v. McCaughtry*, 6 F. App'x 371, 373 (7th Cir. 2001). Regarding the procedural protection of some evidence, the Conduct Report alone was sufficient to convict him. So, too, was the confidential Report of Investigation, which the Court has reviewed in camera and concludes that it provides even greater evidence supporting the conviction against Mr. Prather. [Filing No. 14 (confidential Report of Investigation filed ex parte for the Court's review).] "Because the 'some evidence' standard is met by [the reports], there is no basis for granting habeas relief unless [Mr. Prather] can somehow invalidate" those reports, which he cannot. *McPherson*, 188 at 786.

As to falsification of evidence, Mr. Prather provides no evidence that officers brought fraudulent charges against him or any explanation of how and why they would do so. Even if the false-positive fentanyl reading were fraudulent – and Court does not find that it was – it would not help Mr. Prather's argument. The Seventh Circuit has "long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *Id.* at 787. If the procedural due process requirements of *Wolff* are satisfied, a reviewing court's role "is limited to determining whether there was sufficient evidence to support the [hearing officer]'s decision." *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987) (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984)).

Mr. Prather is not entitled to habeas relief on the ground of insufficiency of the evidence.

## IV.
### CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the

disciplinary proceedings or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Prather to the relief he seeks. Accordingly, Mr. Prather's Petition for a Writ of Habeas Corpus, [1], is **DENIED** and the action is **DISMISSED**.  Judgment consistent with this Order shall now issue.

Date: 10/29/2024

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

REGINALD PRATHER
203013
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov